EULA SALE v. GOLDIE JAMES AND MAPLE GROVE REST HOME, INC.

No. 7221SC243

(Filed 28 June 1972)

Negligence § 57— assault by rest home employee — instructions

> In an action to recover actual and punitive damages for an alleged assault on plaintiff by an employee of a rest home, the charge of the court, when considered contextually and in its entirety, adequately presented and applied the law to the evidence in the case.

APPEAL by defendants from *Long, Judge,* 1 November 1971 Civil Session of Superior Court held in FORSYTH County.

Plaintiff instituted this action to recover for actual and punitive damages allegedly incurred as the result of an assault on her person by defendant, Goldie James, while acting as the agent and employee of defendant, Maple Grove Rest Home, Inc. From the entry of judgment on the verdict awarding damages, defendant appealed.

*Steadman Hines and Blackwell, Blackwell, Canaday, Eller & Jones by Walter R. Jones, Jr., for plaintiff appellee.*

*Wilson and Morrow by Harold R. Wilson and John F. Morrow for defendant appellant.*

VAUGHN, Judge.

The evidence in this case was conflicting. That offered by plaintiff tended to show a brutal, malicious and unprovoked attack by defendant, Goldie James, which was acquiesced in by the General Manager of the corporate defendant. Defendants' evidence was to the contrary. The jury chose to believe the evidence presented by plaintiff, and we are not inclined to disturb their verdict. The only assignments of error brought forward by defendant are to the charge of the court. When this charge of the court is read contextually and considered in its entirety, we hold that it presented and applied the law to the evidence in the case in such a manner as to leave no reasonable cause to believe that the jury was misled or misinformed. We find no prejudicial error.

No error.

Judges MORRIS and GRAHAM concur.